**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Juan Lopez,

       Petitioner

v.

Pamela Bondi, et al.,

       Respondents

Case No.: 2:26-cv-00281-JAD-EJY

**Order Compelling Petitioner's Return to the District of Nevada**

[ECF No. 17]

Petitioner Juan Lopez filed a pro se petition for a writ of habeas corpus challenging his immigration detention at Nevada Southern Detention Center (NSDC) on February 5, 2026.[1]  On February 10th, this court appointed counsel to represent Lopez, set a briefing schedule for an amended petition, and ordered that the respondents "must not transfer the petitioner out of this district,[2] with the exception of effectuating the petitioner's lawful deportation."[3]  But when Lopez's counsel attempted to schedule a meeting with him, an NSDC officer confirmed that Lopez had been transferred to a prison in Arizona on February 6, 2026.[4]

Counsel was unable to meet with Lopez at that Arizona facility because of technological issues.  Lopez was then moved to the Jena/LaSalle Detention Facility in Louisiana.[5]  Counsel again tried to arrange a meeting but was unable to do so.  On March 6th, counsel discovered that

---

[1] *See* ECF No. 1-1.

[2] *See* *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

[3] ECF No. 4.

[4] *See* ECF No. 3 (petitioner's emergency motion for a status check to address out-of-district transfer).

[5] ECF No. 17 at 4.

Lopez is no longer at the Louisiana facility.  The U.S. Immigrations and Customs Enforcement (ICE) detainee locator now reflects that he is at "Florida Soft Side South" in Southern Florida.[6]

Lopez's counsel seeks an order compelling ICE to return Lopez to this district, arguing that ICE's repeated shell-game transfers have made it impossible for Lopez's attorneys to speak with him and prepare an amended petition.[7]  The government did not file a response to that motion, and the deadline to do so has passed.[8]

"[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."[9]  When Lopez filed his petition, he was detained at NSDC and properly named NSDC warden John Mattos as a respondent.[10]  So this court retains jurisdiction over this case.  The court also has "broad and flexible power" to fashion appropriate habeas relief.[11]  At least one district court has held that the equitable nature of habeas relief can be used to transfer a petitioner back to the district in which his habeas petition is pending.[12]

---

[6] *See* U.S. Immigration and Customs Enforcement, Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Match 24, 2026); ECF No. 21 at 3.

[7] ECF No. 17.

[8] *See* ECF No. 21 (notice of non-opposition).

[9] *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (citing *Ex parte Endo*, 323 U.S. 283 (1944)).

[10] *See* ECF No. 1-1.

[11] *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997); *see also Degen v. United States*, 517 U.S. 820, 823 (1996) ("Courts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities").

[12] *See Ozturk v. Trump*, 779 F. Supp. 3d 462, 495–96 (D. Vt. 2025).

I find that the equities strongly favor Lopez's return to this district.  His counsel has demonstrated that Lopez is effectively without representation because his transfers have made it difficult to schedule a meeting.  The case has been pending for more than two months, and counsel has been unable to meet with Lopez long enough to draft an amended petition.  And the government has not filed anything indicating that Lopez's return would be inequitable or unfeasible.[13]  So I order Lopez's prompt return to this district for the pendency of his habeas case.

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner Juan Lopez's motion for a court order to return to the District of Nevada **[ECF No. 17] is GRANTED.**[14]  **Juan Lopez must be physically transferred to ICE custody at the Nevada Southern Detention Center in Pahrump, Nevada no later than April 1, 2026.**  The respondents **must file a notice of compliance by April 2, 2026**.

_____
U.S. District Judge Jennifer A. Dorsey
March 24, 2026

---

[13] *See also* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

[14] The title of Lopez's motion also includes a request for the respondents to be compelled to allow him to meet with his counsel.  ECF No. 17 at 1.  But that request doesn't appear in the substantive portion of the motion, and counsel has not shown that they will encounter issues meeting with Lopez once he is returned to NSDC.  So I deny that portion of Lopez's motion.